IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RICHARD GARETH BARTON, Trustee of the RICHARD GARETH BARTON REVOCABLE TRUST, and RICHARD BARTON ENTERPRISES, INC., <br><br>  Plaintiffs, <br><br> vs. <br><br> TED D. VALLEJOS, TRACY C. VALLEJOS, MARY M. CORDOVA, FRED ROSS CORDOVA, ROBYN L. CORDOVA, and U.S. TITLE INSURANCE AGENCY LLC, <br><br>  Defendants. | ORDER <br><br> AND <br><br> MEMORANDUM DECISION <br><br><br> Case No. 2:10-CV-181-TC |

In 2009, the Plaintiffs bought thirty-four acres of undeveloped land. Only after the purchase did they learn about an oil and gas claim that may significantly hinder Plaintiffs' development and use of the land. The Plaintiffs brought suit against the sellers and the parties' escrow agent, Defendant U.S. Title Insurance Agency, LLC (U.S. Title).[1]

U.S. Title has moved for summary judgment. It seeks dismissal of Plaintiffs' claims for breach of the title insurance policy and negligent misrepresentation. As explained below, U.S. Title's Motion for Summary Judgment is GRANTED because (a) U.S. Title was not a party to

---

[1] The Plaintiffs' claims against the Sellers have already been settled and dismissed. The only remaining defendant is U.S. Title.

the title insurance policy;[2] (b) U.S. Title did not make any actionable representation about the nature of title; and (c) Plaintiffs' claim that U.S. Title assumed the duties of a title abstractor[3] was not pleaded in the Complaint and so is not properly before the court.

## FACTUAL BACKGROUND

In November 2009, Plaintiffs agreed to purchase thirty-four acres of undeveloped property in Duchesne County, Utah (the "Property"). The Plaintiffs and the Sellers jointly hired U.S. Title as an escrow agent. In the escrow agreement, the parties described U.S. Title's obligations:

> Subject to the terms of this Agreement, Escrow Agent agrees to act as an Escrow Agent in closing the transaction described above. Escrow Agent is not the agent of any single party. Rather Escrow Agent <u>agrees to prepare documents, secure the execution of documents, record documents, disburse funds, and otherwise close the transaction in accordance with the joint directions of the parties</u>. Escrow Agent has no other duties or obligations. In particular, Escrow [Agent] <u>does not give and has no duty to give legal or other advice to the parties</u>.

(Escrow General Provisions (Ex. A to Pls.' Opp'n Mem. (Docket No. 52)) ¶ 1 (emphasis added).) In the escrow agreement, the Plaintiffs and Sellers acknowledged that they were "not looking to Escrow Agent for legal advice[.]" (Id. ¶ 2.)

U.S. Title helped the Sellers obtain title insurance through First American Title Insurance

---

[2] First American Title Insurance Company issued the policy.

[3] A title abstractor prepares an "abstract of title," defined as "'[a] condensed history of the title to the land, consisting of a synopsis or summary of the material or operative portion of all the conveyances, of whatever kind or nature, which in any manner affect said land, or any estate or interest therein, together with a statement of all liens, charges, or liabilities to which the same may be subject, and of which is in any way material for purchasers to be apprised. An epitome of the record evidence of title, including maps, plats, and other aids.'" <u>Culp Constr. Co. v. Buildmart Mall</u>, 795 P.2d 650, 654 (Utah 1990) (quoting Black's Law Dictionary 10 (5th ed. 1979)). An abstract of title is much more comprehensive than documents prepared for a title insurer. <u>Id.</u>

Company (First American).  Before First American issued the Policy, U.S. Title prepared, on behalf of First American, a commitment for title insurance (Commitment).  A commitment for title insurance is a statement by the title insurance company of the terms and conditions upon which the insurer is willing to issue the policy.  First American's Commitment listed the policy to be issued, the name of the proposed insured, the amount of the policy coverage, and the premium.  The Commitment also provided that "[t]he estate or interest in the land described or referred to in this Commitment and covered herein is <u>fee simple</u> . . . ." (Ex. D to Pls.' Opp'n Mem. (Docket No. 52) (emphasis added).)  But in the "Conditions" section of the Commitment, First American stated that "[t]his Commitment is a contract to issue one or more title insurance policies and <u>is not an abstract of title or a report of the condition of title</u>."  (<u>Id.</u> (emphasis added).)

Although U.S. Title did not issue the Policy, it prepared the schedules attached to the Policy.  Schedule A provides that "[t]he estate of interest in the land which is covered by this policy is: FEE SIMPLE."  (Schedule A to Title Insurance Policy (Docket No. 50-1).)  Schedule B provides that the Policy "does not insure against loss or damage . . . which arise by reason of . . . [a]ll rights, title or interest in oil, gas or other minerals of every kind and description underlying the surface of the land."  (Schedule B to Title Insurance Policy (Docket No. 50-1).)  U.S. Title also prepared the General Warranty Deed between the Sellers and Plaintiffs. (<u>See</u> Ex. B to Pls.' Opp'n Mem. (Docket No. 52).)

On December 17, 2009, the sale of the Property was finalized.  Some time after the closing, El Paso Oil Company told Plaintiffs it intended to exercise its right to extract oil and gas from the Property by setting up drilling operations on the land.  Apparently, El Paso's extraction plan is to remove a portion of the surface land and all of the subsurface estate, effectively

removing that portion of the land from Plaintiffs' use.  According to Plaintiffs, this was the first time they learned of this significant encumbrance on the Property.

Plaintiffs now claim that (1) U.S. Title breached the provision of the Policy warranting that Sellers held fee simple title to the Property; (2) U.S. Title misrepresented the nature of the title to the Plaintiffs; and (3) U.S. Title breached its duty to discover and disclose El Paso's claim.

## ANALYSIS

The court grants summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The court "view[s] the evidence and make[s] all reasonable inferences in the light most favorable to the nonmoving party."  Northern Nat. Gas Co. v. Nash Oil & Gas, Inc., 526 F.3d 626, 629 (10th Cir. 2008).  The court may only rely on evidence that would be admissible at trial.  Fed. R. Civ. P. 56(c)(1).  A party is entitled to summary judgment if no genuine dispute as to any material fact exists and no reasonable jury could find for the nonmoving party.  Pinkerton v. Colorado Dep't of Transp., 563 F.3d 1052, 1058 (10th Cir. 2009).

**Claim for Breach of Title Insurance Policy**

Plaintiffs allege that U.S. Title breached the Policy provision warranting that the Sellers owned the Property in "fee simple absolute."  (See Pls.' Complaint (Docket No. 2).)  Yet it is undisputed that U.S. Title was not a party to the Policy.

Generally, a party cannot be liable for breach of a policy or contract to which it was not a party.  Shire Dev. v. Frontier Investments, 799 P.2d 221, 223 (Utah Ct. App. 1990) ("'As a general rule, none is liable upon a contract except those who are parties to it.'") (quoting County

of Clark v. Bonanza No. 1, 615 P.2d 939, 943 (Nev. 1980)); see also Walker Bank & Trust Co. v. First Sec. Corp., 341 P.2d 944, 945 (Utah 1959) ("It is often stated that privity of contract is a prerequisite to holding one liable for breach of a duty thereunder."). Given this fundamental legal principle and the undisputed facts (the court notes that Plaintiffs' opposition to U.S. Title's Motion for Summary Judgment conspicuously lacks any analysis defending the breach of contract claim), the court finds that U.S. Title is entitled to summary judgment on this issue. Accordingly, the court dismisses Plaintiffs' claim for Breach of Title Insurance Policy with prejudice.

**Claim for Negligent Misrepresentation**

As noted above, U.S. Title was not a party to the Policy and so cannot be held liable as a matter of law for any alleged misrepresentation in the Policy. But Plaintiffs allege that U.S. Title is liable for negligent misrepresentation because it did not disclose the existence of El Paso's claim either in the Commitment or in the Warranty Deed.

Negligent Misrepresentation in the Insurance Commitment

Plaintiffs claim that U.S. Title misrepresented the nature of the title in the Commitment when it described title as "fee simple." U.S. Title contends that, as a matter of law, the Commitment does not make any representation that Sellers owned the Property in fee simple. The court agrees with U.S. Title.

In Culp Construction Company v. Buildmart Mall, 795 P.2d 650 (Utah 1990), the Utah Supreme Court held that a commitment for title insurance is not an abstract of title (i.e., it is not a comprehensive description of the title). An insurance commitment is "no more than a statement of the terms and conditions upon which the insurer is willing to issue its title policy." Id. at 653.

The court explained that one who purchases a title insurance policy does so to guarantee a certain position in the chain of title, not to discover the title's status.  Id.  It noted that a title insurance company's function is generally confined to the practice of insurance, not to the practice of abstracting.  Id.  The court held that because a title commitment does not represent the nature of the title, a negligent misrepresentation claim based solely on the contents of an insurance commitment is not actionable.  Id.

Here, the Commitment tells the proposed insured that fee simple is the estate for which First American is willing to insure against defects in title.  Moreover, the Commitment expressly states that it is "not an abstract of title or a report of the condition of title." (Condition 4 of Commitment.)  As a matter of law and fact, the Commitment here does not contain an actionable representation.  Accordingly, U.S. Title is entitled to summary judgment on this issue.

### Negligent Misrepresentation in the Warranty Deed

Plaintiffs also claim that when U.S. Title drafted the Warranty Deed, it misrepresented that Sellers owned the Property in fee simple.  But, as U.S. Title correctly asserts, the Warranty Deed, like the Commitment and the Policy, is not a representation of title.

Furthermore, any action based on the Warranty Deed would need to be brought against the Sellers, not U.S. Title, because a warranty deed is a contract between the buyer and the seller.  Butler, Crockett & Walsh Dev. Corp. v. Pinecrest Pipeline Operating Co., 909 P.2d 225, 233 (Utah 1995).  Third parties are not bound by warranties set out in a warranty deed.  Id. at 234.  If it becomes clear that the conveyed property was subject to an undisclosed encumbrance, the remedy would be against the seller.  Id.

For the foregoing reasons, the court holds that U.S. Title is not liable for alleged negligent

misrepresentations in the Warranty Deed.

**Abstractor Negligence Claim**

Plaintiffs, in their opposition memorandum, claim for the first time that U.S. Title assumed the duty to abstract title to the Property. But nothing in Plaintiffs' Complaint reveals such a theory of recovery.

A plaintiff may not raise new legal claims for the first time in response to a defendant's summary judgment motion. Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004); Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir. 1996). The proper procedure for Plaintiffs to assert a new claim would be to amend their complaint under Federal Rule of Civil Procedure 15(a). But the time to amend and the discovery period in this case have long since passed.[4] Plaintiffs are not allowed to bring the claim this late in the proceeding.

Still, even considering this theory, evidence in the record is insufficient to overcome the summary judgment motion. To support their assertion that U.S. Title assumed an independent duty to abstract title, Plaintiffs cite to the Commitment (drafted by U.S. Title on behalf of First American), the Policy's Schedules A and B (drafted by U.S. Title on behalf of First American), an unauthenticated e-mail to Mr. Barton from U.S. Title transmitting copies of two easements affecting the property (see Ex. E to Pls.' Opp'n Mem. (Docket No. 52)), and the fact that U.S. Title drafted paperwork transferring water rights in the Property. From that circumstantial evidence, no reasonable jury could infer that U.S. Title assumed a duty to abstract title.

Moreover, Plaintiffs' reliance on Culp Construction Company v. Buildmart Mall, 795

---

[4]The deadline for fact discovery was April 6, 2012.

P.2d 650 (Utah 1990), to support their claim is misplaced. Culp stands for the proposition that under certain circumstances a title insurance company's local agent may incur liability when it assumes the role of an abstractor. In Culp, the Utah Supreme Court concluded that

> the commitment for title insurance or a preliminary title report in this case was not an abstract of title; however, it appears that [defendant's] local agent, Richmond Title, may have assumed the duties and responsibilities of an abstractor when it received the escrow instructions from Tower's agent which explicitly directed Richmond not to transfer the loan funds unless the title status remained the same as stated on the commitment.

795 P.2d at 655. The court declined to grant summary judgment on the negligent misrepresentation claim because a genuine dispute of material fact existed about whether the defendant owed a duty to represent the true status of title. Id.

Culp is factually distinguishable. Here, the escrow instructions do not contain any contingency similar to the one in Culp. In the escrow instructions, U.S. Title agreed to

> prepare documents, secure the execution of documents, record documents, disburse funds, and otherwise close the transaction in accordance with the joint directions of the parties. Escrow Agent has no other duties or obligations. In particular, Escrow [Agent] does not give and has no duty to give legal or other advice to the parties.

(Escrow General Provisions (Ex. A to Pls.' Opp'n Mem. (Docket No. 52)) ¶ 1.)

The Plaintiffs do not cite to the escrow instructions as further evidence of a duty to abstract title. But even if they did, the language of the escrow instructions in combination with the other evidence they cite could not reasonably be construed as an assumption of the duty to generate an abstract of title. Here, the record does not create a material dispute about whether U.S. Title assumed the duty to generate an abstract of title. Accordingly, even if the court allowed Plaintiffs to assert the claim, it fails as a matter of law.

**ORDER**

For the foregoing reasons, Defendant U.S. Title Insurance Agency's Motion for Summary Judgment (Docket No. 49) is GRANTED.

DATED this 15th day of June, 2012.

                                        BY THE COURT:

                                        */s/ Tena Campbell*
                                        TENA CAMPBELL
                                        U.S. District Court Judge